WEINSTIGER, APPELLEE, *v.*
DEPARTMENT OF NATURAL RESOURCES
ET AL., APPELLANTS.

(No. 82AP-1073—Decided June 23, 1983.)

*Mr. Ronald H. Janetzke* and *Ms. Sandra Mendel,* for appellee.

*Mr. Anthony J. Celebrezze, Jr.,* at-

torney general, and Ms. Susan C. Hayest, for appellants.

REILLY, J. This is an appeal from a judgment of the Franklin County Court of Common Pleas which reversed an order of the State Personnel Board of Review. The parties made the following stipulations at the time Naomi Weinstiger's appeal of her "layoff" was presented to a hearing officer employed by the board of review:

"1. Appellant [Naomi Weinstiger] was appointed to a position with Appellee as a certified custodial worker, No. 42111, intermittent.

"2. Appellant worked for the Appellee for 80 hours per pay period, exclusive of sick leave, excused absence and unexcused absence from February 21, 1981 to October 17, 1981; she worked over 1000 hours in 1981.

"3. Appellant worked for Appellee during the following years and for the following hours. Appellant worked normally 80 hours per pay period. The following are rough figures but Appellant definitely worked over1000 hours:

"1977 — 1264 hours
"1978 — 1318 hours
"1979 — 1520 hours
"1980 — 1139 hours
"1981 — 1452 hours

"4. In 1981, Appellant was given written notice that her work was interrupted, thereby ending her hours in 1981. However, Appellant was also orally informed she was being laid off.

"5. Appellant received no O.R.C. 124.34 order or layoff notice regarding her termination of work in 1981.

"6. Appellee did not request the Director of Administrative Services an extension of hours for intermittent employees."

The record shows that appellee, Naomi Weinstiger, appealed her layoff to the State Personnel Board of review on October 23, 1981. The case was submitted on the foregoing stipulations. The hearing officer issued his report and recommendations in favor of Weinstiger on June 2, 1982. The Department of Natural Resources ("DNR") filed objections. Subsequently, the board of review rejected the hearing officer's report and recommendations and affirmed the action of DNR. Weinstiger appealed to the Franklin County Court of Common Pleas which rendered the following decision:

"Appellant has brought this action appealing her termination of employment. This Court, after a review of the evidence, finds the order of the Personnel Board of Review not supported by reliable, substantial and probative evidence.

"This Court finds that regardless of whether Appellant was a fulltime or intermittent employee, the layoffs procedures of the Ohio Revised Code and the Department of Administrative Services' administrative rules were not followed. Although not determinative of this action, Appellant did not appear to fit within a classification of intermittent employee. This Court, however, need not determine whether Appellant was a fulltime employee since the proper layoff procedures were not utilized."

Appellants now assert three assignments of error:

"1. The lower court erred in reversing the action of the State Personnel Board of Review since the order of the State Personnel Board of Review is supported by reliable, probative and substantial evidence.

"2. The lower court erred in reversing the action of the State Personnel Board of Review on the grounds that the proper layoff procedures were not followed. The layoff procedure as defined in Ohio Revised Code Section 124.32 is not applicable to the case at hand since the appellee was not terminated.

"3. Appellee was not a full-time employee but rather was an intermittent employee when her work was interrupted. In the alternative, the appellee

could properly be classified as a seasonal employee."

Appellants' assignments of error are interrelated and are considered together. R.C. 124.32(C), which was in effect at the time Weinstiger was laid off, states:

"(C) Whenever any permanent office or position in the classified service is abolished or made unnecessary, or the person holding such office or position is laid off, the procedure outlined in this section shall be followed. Any layoff within a classification, as defined in section 124.14 of the Revised Code including parenthetical titles when included within the specification, must proceed by laying off in the following order:

"(1) Employees serving provisionally who have not completed their probationary period after appointment;

"(2) Employees serving provisionally who have satisfactorily completed their probationary period after appointment;

"(3) Employees appointed by certification who have not completed their probationary period after appointment;

"(4) Employees appointed by certification who have satisfactorily completed their probationary period after appointment.

"Within each of the primary categories intermittent, then part-time, and then seasonal employees will be laid off before full-time permanent employees."

Thus, the former R.C. 124.32(C) applied to intermittent employees who were employed in a permanent classification. Under that statute, a permanent employee did not need to be one who was employed full time. Moreover, someone employed on a full-time basis was not necessarily a permanent employee. The classification of a permanent employee included all permanent employees, whether hired on an intermittent, part-time, seasonal or full-time basis.

Considering the stipulation, it is likely that Weinstiger was hired on a permanent status, although no specific finding to that effect was made. This would be the case regardless of whether or not she was intermittent, part-time, seasonal or full-time. At any rate, the pattern established in Stipulation No. 3, that Weinstiger consistently worked the thousand hours per year for five consecutive years, definitely indicates a course of conduct which clearly follows to the conclusion that she was a permanent employee. Moreover, she was not a temporary employee since she had successive appointments to the same position. It was also stipulated that she was "orally informed she was being laid off." Thus, she was entitled to the benefits and procedures included in R.C. 124.32(C). As the trial court noted in its decision, these procedures were not followed.

This case involves whether Weinstiger was a permanent employee and does not concern the classification into which she fits as a permanent employee. The issue is simply whether she was entitled to proper layoff procedures, such as a notice and a hearing.

For the foregoing reasons, appellants' assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

NORRIS and COOK, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.

NORRIS, J., concurring. I concur in the judgment on the very narrow basis that the court of common pleas (and the board's hearing officer) assumed, based upon the grossly inadequate stipulations of fact, that Weinstiger was in fact "laid off" as that term is used in R.C. 124.32. A reading of the regional board's opinion indicates that the board was not persuaded that Weinstiger was laid off, observing that "* * * the Appointing Authority is

not required to use her services during periods when there is no need for them." However, it was the department's responsibility to make an adequate record if its position is to be supported upon appeal.

Our opinion should not be read as having decided the question of whether or not any time an intermittent employee's work is "descheduled" or "interrupted" — as is to be anticipated by interim employees, by definition — that person is "laid off."